IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME R. JOHNSON,<br><br>                    **Plaintiff,**<br><br>v.<br><br>DR. DEANNA BROOKHART,<br>LATOYA BAYLER, and<br>J.B. PRITZKER,<br>                    **Defendants.** | Case No. 23-cv-03744-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jerome Johnson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), commenced this action on November 20, 2023. (Doc. 1). The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### DISCUSSION

There are several problems with Plaintiff's Complaint, and it does not survive preliminary review. First, Plaintiff indicates that he is bringing this lawsuit pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-80. (Doc. 1, p. 1). Plaintiff, however, is a state prisoner, not a federal prisoner. The Federal Tort Claims Act ("FTCA") provides jurisdiction for actions against the United States regarding torts committed by federal officials. All the Defendants named are state

officials. Therefore, Plaintiff's claims do not fall within the jurisdiction of the FTCA.

Second, although not clear as Plaintiff's filings are not entirely coherent, it appears that Plaintiff is seeking to challenge other legal proceedings and his underlying conviction, not the conditions of his confinement. He does not describe or mention the listed Defendants, who are employees of the Illinois Department of Corrections, anywhere in the body of the Complaint. Plaintiff asserts that the criminal statute under which he was convicted is unconstitutional, he seeks to void his arrest warrant, and he challenges the dismissal state appellate court proceedings and the dismissal of civil actions in the Norther District of Illinois and the Seventh Circuit Court of Appeals. (Doc. 1, p. 6). For relief, he requests:

> Grant baile[sic] under 25 U.S.C. 2255 Also 42 U.S.C. 405, 42 U.S.C. 20004-2, 28 U.S.C. 1691, and 42 U.S.C. 1353 or 1997. Also 28 U.S.C. 2403.

(*Id.*, p. 7). The Supreme Court has stated that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release…" *Heck v. Humphrey,* 512 U.S. 477, 481 (1994). Furthermore, it is not within the power of this Court to review final orders of another district court or appellate judge. The remedy for challenging an adverse decision from a district judge is to appeal. If unsatisfied with the action of the appellate court, a litigant may seek further review from the Supreme Court.

Plaintiff has committed similar errors in this district before. On October 12, 2022, he filed a 157-page pleading that was filed as a habeas petition. *See Johnson v. Landtrust,* No. 22-cv-02371-DWD (S.D. Ill.). Because the court could not determine whether Plaintiff was intending to file a civil rights complaint for inadequate medical care at Lawrence or whether he was challenging the lawfulness of his custody, he was directed to supplement his pleading for clarification. Plaintiff filed four supplements, which continued to be confusing, but the court was able to determine that Plaintiff was bringing a habeas petition pursuant to 28 U.S.C. §2254. Plaintiff had been convicted

in the Circuit Court of Lake County, located in the federal judicial district for the Northern District of Illinois; thus, the case was transferred Northern District. The Northern District court ultimately dismissed Plaintiff's petition. *See Johnson v. Brookhart,* No. 23-cv-00415 (N.D. Ill. October 2, 2023).[1]

Plaintiff has been informed that the proper way to challenge his underlying conviction is through a habeas petition, and this Court has no jurisdiction to review final judgment of the Northern District Court or the Seventh Circuit Court of Appeals. Additionally, the Northern District Court advised Plaintiff on the procedures of appealing the dismissal of his habeas petition. *See Johnson v. Brookhart,* at Doc. 32. Accordingly, the Court finds no reason to allow Plaintiff to amend his Complaint, as additional attempts would be futile. The Complaint and this entire action are dismissed with prejudice for failure to state a claim and lack of subject matter jurisdiction.

## DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED** with prejudice for failure to state claim for relief and lack of subject matter jurisdiction pursuant to Section 1915A. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). The Motion to Appoint Counsel is **DENIED as moot.** (Doc. 2).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP.

---

[1] The dismissal of his habeas petition by the Northern District is one of the other legal proceedings Plaintiff is challenging.

P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   December 4, 2023

 s/Stephen P. McGlynn  
**STEPHEN P. MCGLYNN**  
**United States District Judge**
